ORDER AND JUDGMENT*
STEPHANIE K. SEYMOUR, Circuit Judge.
On July 19, 2006, defendant-appellant David Allen Rael was indicted for unlawful possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, a violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2) (Count One), and for making a materially false statement to acquire a firearm, a violation of 18 U.S.C. § 922(a)(6) and § 924(a)(2) (Count Two). He filed a motion to dismiss the indictment on the grounds that his underlying domestic violence conviction did not constitute a crime of domestic violence as defined by federal law. The district court denied that motion, and Mr. Rael conditionally pled guilty to Count One. He was sentenced to “time served” on Count One and 3 years of supervised release. Count Two was dismissed pursuant to the plea agreement.
Mr. Rael’s prosecution on Count One was predicated on a prior conviction under Wyoming’s “simple assault; battery” statute. Wyo. Stat. Ann. § 6-2-501(b). On appeal he argues that the district court erred in denying his motion to dismiss Count One because a battery under the Wyoming statute can be committed without the use or attempted use of physical force, and thus convictions under this stat *842 ute do not meet the federal definition of a misdemeanor crime of domestic violence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we REVERSE for the reasons stated in our holding in United States v. Hays, 526 F.3d 674 (10th Cir.2008).

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and IOti-i Cir. R. 32.1.